IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FATIMO A. GULED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-3214-D |
| | § | |
| TEAM CAR CARE, LLC d/b/a JIFFY LUBE, JEFF BALAGNA, STEVE WARNER, LYNDSEY LORD, KRISTINE GOTT and ROSIBEL ROMERO, | § § § § § | Jury Requested |
| | § | |
| Defendants. | | |

## DEFENDANT TEAM CAR CARE, LLC D/B/A JIFFY LUBE'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Team Car Care, LLC d/b/a Jiffy Lube, one of the Defendants herein ("TCC") files this Answer to the Original Complaint ("Complaint") of Plaintiff Fatima A. Guled, erroneously spelled Fatimo, ("Plaintiff"), respectfully stating the following:

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains a statement regarding the nature of Plaintiff's claims, which requires neither admission nor denial by Defendant. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiff, such allegations and/or implications are denied.

2. Paragraph 2 consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

3. Defendant admits venue is proper in the United States District Court for the Northern District of Texas – Dallas Division. To the extent, however, said Paragraph alleges

and/or implies that Defendant is liable to Plaintiff, such allegations and/or implications are denied.

## PARTIES

4. Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 4 and therefore denies the same.

5. Defendant admits the allegations contained in first, second and fourth sentences in Paragraph 5. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6. To the extent this Paragraph implies liability in any way, it is denied.

7. Defendant admits the allegations contained in Paragraph 7. To the extent this Paragraph implies liability in any way, it is denied.

8. Defendant admits Lyndsey Lord was formerly its Chief Human Resources Officer and is a Texas resident. Defendant denies the remaining allegations contained in Paragraph 8.

9. Defendant admits Kristine Gott was formerly its Manager of Human Resources Business Partners and is a Texas resident. Defendant denies the remaining allegations contained in Paragraph 9.

10. Defendant admits Rosibel Romero is a Texas resident. Defendant denies the remaining allegations contained in Paragraph 10.

## FACTUAL BACKGROUND OF THE ACTION

11. Defendant admits the allegation in Paragraph 11 that Plaintiff was employed with Defendant and was paid a salary of $120,000 a year, but denies she was an executive.

Defendant is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 11 and therefore denies the same.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant admits that it retained a third party investigator to investigate complaints of discrimination. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant admits that the investigator interviewed Plaintiff on several occasions. Defendant denies the remaining allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

## LEGAL GROUNDS

55. Paragraph 55 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

56. Paragraph 55 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

57. Paragraph 57 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

58. Paragraph 58 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

59. Paragraph 59 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Paragraph 62 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

63. Paragraph 63 of the Complaint contains a statement regarding the nature of Plaintiff's claims, which requires neither admission nor denial by Defendant. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiff, such allegations and/or implications are denied.

64. Paragraph 64 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

65. Paragraph 65 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

66. Paragraph 66 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

67. Paragraph 67 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

68. Paragraph 68 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Paragraph 71 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

72. Defendant denies the allegations in Paragraph 72.

73. Paragraph 73 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

74. Paragraph 74 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

75. Paragraph 75 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

76. Paragraph 76 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

77. Paragraph 77 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

78. Paragraph 78 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

**ANSWER OF DEFENDANT TEAM CAR CARE, LLC d/b/a JIFFY LUBE**                                              Page 7

7987584v.1

79. Paragraph 79 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

80. Paragraph 80 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

81. Paragraph 81 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

82. Defendant denies the allegations in Paragraph 82.

83. Paragraph 83 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

84. Paragraph 84 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

85. Defendant denies the allegations in Paragraph 85.

86. Paragraph 86 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

87. Paragraph 87 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

Duplicate 86.    Paragraph 86 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

Duplicate 87.    Paragraph 87 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

88.    Paragraph 88 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

89.    Paragraph 89 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

90.    Paragraph 90 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

91.    Paragraph 91 of the Complaint consists of conclusions of law, which require no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied.

## FIRST CLAIM FOR RELIEF

92.    Defendant hereby adopts and incorporates by reference all previous paragraphs set forth above.

93.    Defendant denies the allegations of Paragraph 93 of the Complaint.

94. Defendant denies the allegations of Paragraph 94 of the Complaint and that Plaintiff is entitled to any relief.

### SECOND CLAIM FOR RELIEF

95. Defendant hereby adopts and incorporates by reference all previous paragraphs set forth above.

96. Defendant denies the allegations of Paragraph 96 of the Complaint.

97. Defendant denies the allegations of Paragraph 97 of the Complaint and that Plaintiff is entitled to any relief.

### THIRD CLAIM FOR RELIEF

98. Defendant hereby adopts and incorporates by reference all previous paragraphs set forth above.

99. Defendant denies the allegations of Paragraph 99 of the Complaint.

100. Defendant denies the allegations of Paragraph 100 of the Complaint and that Plaintiff is entitled to any relief.

### FOURTH CLAIM FOR RELIEF

101. Defendant hereby adopts and incorporates by reference all previous paragraphs set forth above.

102. Defendant denies the allegations of Paragraph 102 of the Complaint.

103. Defendant denies the allegations of Paragraph 103 of the Complaint and that Plaintiff is entitled to any relief.

### JURY DEMAND

104. Paragraph 104 consists of Plaintiff's jury demand, which requires no factual response by Defendant. To the extent this Paragraph implies liability in any way, it is denied

## PRAYER FOR RELIEF

This unnumbered paragraph of the Complaint contains a statement regarding the nature of Plaintiff's requested relief, which requires neither admission nor denial by Defendant. To the extent, however, said sentence alleges and/or implies that Defendant is liable to Plaintiff, such allegations and/or implications are denied.

## DEFENSES

1. All of Plaintiff's claims are subject to binding arbitration.

2. Plaintiff fails to state a claim for which relief can be granted.

3. To the extent that Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain any of her claims, or failed to exhaust administrative remedies required under any of her claims, such claims are barred.

4. All or part of Plaintiff's claims are barred by the applicable statutes of limitation.

5. To the extent that the after-acquired evidence doctrine applies to this lawsuit and evidence is subsequently acquired which would provide a basis for adverse action, Plaintiff's alleged claims for damages are barred, in whole or in part.

6. To the extent that Plaintiff has failed to mitigate or has failed to take reasonable steps to mitigate her alleged damages, if any, such failure bars, or at least reduces, recovery of such damages.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. Plaintiff has no direct evidence of discrimination, harassment, or retaliation.

9. At all times, Defendant's actions were based on legitimate, nondiscriminatory, business-related reasons unrelated to Plaintiff's race or any other alleged protected classification or activity; these legitimate, nondiscriminatory, business-related reasons were undertaken in good

faith and without malice or ill-will towards the Plaintiff.

10. Plaintiff's discrimination, harassment and retaliation claims fail to the extent that she did not experience an adverse employment action under one or more those respective statutes.

11. Plaintiff's retaliation claims under fail to the extent that she did not engage in any protected activity under one or more those respective statutes.

12. Plaintiff's retaliation claims fail because she cannot show that any alleged protected activity was the but-for cause of any alleged adverse employment action.

13. To the extent Plaintiff asserts claims for harassment or a hostile work environment, such claims fail because Plaintiff cannot show that any alleged conduct was sufficiently severe or pervasive to alter Plaintiff's terms and conditions of employment and generate an actionable, objective hostile working environment.

14. With respect to any alleged harassment by a supervisor that did not culminate in a tangible employment action, Defendant exercised reasonable care to prevent and promptly correct any such alleged harassment and Plaintiff unreasonably failed to take advantage of those preventative or corrective measures or to otherwise avoid harm.

15. Plaintiff may not recover exemplary or punitive damages for any alleged discrimination, harassment, or retaliation because she has no evidence of and cannot show that Defendant acted with willfulness, malice, reckless indifference, or reckless disregard of her rights under any of those statutes.

16. Defendant invokes all applicable damages caps or limitations.

17. Assuming, arguendo, that some or all of the employment decisions Plaintiff complains of in the Complaint were based on Plaintiff's race or other alleged protected characteristic or activity (which they were not and which Defendant expressly denies), each of the

decisions affecting Plaintiff would have been made in any event for reasons unrelated to her alleged protected status.

18. Plaintiff's claim(s) for punitive damages is/are barred to the extent it violates the Constitution of the United States, the Constitution of the State of Texas, or any federal, state, local, or other applicable law.

19. Plaintiff may not recover punitive damages under any of her claims unless she first recovers actual damages.

20. In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses available under federal or other applicable law, by Order of this Court, or otherwise.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's action with prejudice, grant a take-nothing judgment in favor of Defendant, and award Defendant its attorney's fees and costs of court. Defendant further requests any other relief at law and in equity to which it is justly entitled.

Dated: January 28, 2022.

                              Respectfully submitted,

                              */s/ Hunter Johnson*
                              Hunter Johnson
                              Texas Bar No. 10753900
                              hjohnson@constangy.com
                              CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
                              1201 Elm Street, Suite 2550
                              Dallas, Texas 75270
                              Telephone: (214) 646-3421
                              Facsimile: (972) 865-4791

                              **ATTORNEY FOR DEFENDANT**
                              **TEAM CAR CARE, LLC d/b/a JIFFY LUBE**

## CERTIFICATE OF SERVICE

I certify that on January 28, 2022 all parties of record have been served with this Answer using the Court's ECF notification system:

Fatima Ali Guled
1000 Cotton Belt Drive
Fort Worth, TX 76131
(858) 943-8133
Fatimasag12@gmail.com

                                                */s/ Hunter Johnson*
                                                   Hunter Johnson